FILED

2018 MAY 31 PM 2:17

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                       Case No. 6:18-cv-842-ORL-41-DCI

2015 MASERATI,
VIN #ZAM57RTA9F1152142

    Defendant.

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

The United States of America brings this complaint and alleges upon information and belief, in accordance with Supp'l Rule G(2), Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, as follows:

## NATURE OF THE ACTION

1. This is a civil action *in rem* to forfeit to the United States of America, pursuant to 21 U.S.C. § 881(a)(6), a 2015 Maserati, VIN #ZAM57RTA9F1152142 titled in the name of Jenay Davis ("Defendant Vehicle"), which was seized on December 12, 2017 during the execution of a state search warrant at a residence controlled by Quentin Wilson in Orlando, Florida.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over an action commenced by the United States by virtue of 28 U.S.C. § 1345, and over an action for forfeiture by virtue of 28 U.S.C. § 1355.

3. This Court has *in rem* jurisdiction over the Defendant Vehicle pursuant to:

    a. 28 U.S.C. § 1355(b)(1)(A), because pertinent acts or omissions giving rise to the forfeiture occurred in the Middle District of Florida; and

    b. 28 U.S.C. § 1355(b)(1)(B), because venue properly lies in the Middle District of Florida pursuant to 28 U.S.C. § 1395.

4. Venue is proper in the United States District Court for the Middle District of Florida, pursuant to 28 U.S.C. § 1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district.

## THE DEFENDANT *IN REM*

5. The Defendant Vehicle is a 2015 Maserati, VIN #ZAM57RTA9F1152142 titled in the name of Jenay Davis that was seized by Homeland Security Investigations ("HSI") on December 12, 2017 after a probable cause finding that the vehicle was purchased with proceeds of

a controlled substance offense, in violation of Title 21. HSI took custody of the Defendant Vehicle, which remains in the custody of the United States.

6. As set forth in Supp'l Rule G(3)(b)(i), the Clerk of Court must issue a warrant to arrest the Defendant Vehicle if it is in the government's possession, custody, or control.

## BASIS FOR FORFEITURE

7. The Defendant Vehicle is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6) because it constitutes proceeds traceable to a violation of the Controlled Substances Act, in violation of 21 U.S.C. §§ 841 and/or 846.

## FACTS

8. The facts and circumstances supporting the forfeiture of the Defendant Vehicle have been provided by HSI Special Agent Brian DiPerna, who states as follows.

## INVESTIGATION

9. In August 2017, HSI, in conjunction with Seminole County City County Investigative Bureau began an investigation into the narcotics distribution and money laundering activities of Quentin Wilson and others. As a result of the investigation, search warrants were obtained from a state court

judge for four residential addresses located in Orlando.[1] Those warrants were executed on December 12, 2017.

### Execution of Search Warrants

10. During the execution of a search warrant for a residence located on Islander Avenue in Orlando, agents discovered approximately 132 grams of cocaine inside a black bag next to approximately $16,119.00, which was bound together by rubber bands, five cell phones, a Glock 27 .40 caliber semi-automatic handgun and 30 rounds of .380 caliber ammunition.

11. During the execution of the search warrant at Wilson's primary residence in Apopka, agents seized approximately $276,784.01, an electronic money counter, approximately 32 cell phones,[2] a Black Hi Point .45 caliber semi-automatic handgun with a loaded magazine, and approximately 87 grams of cocaine. The cocaine was located in the console of a rented Toyota Sequoia, which was parked in the driveway. Wilson was standing near the vehicle at the time of his arrest.

---

[1] Arrest warrants were also obtained for 8 individuals, including Wilson. Wilson has an extensive criminal history, including convictions for conspiracy to possess with the intent to distribute cocaine base.
[2] Two of the cell phones were located on Wilson's person at the time of his arrest.

4

12. The rifle was located in a box underneath the bed in the master bedroom. The money was found throughout the master bedroom – underneath a pillow on the bed, in the closet in a cloth Christian Louboutin bag and a Bally purse, inside a letter-sized envelope inside a shoebox, and inside a black Versace bag hidden behind clothes[3] – in between the driver's seat and center console of the Toyota Sequoia, and inside of a back pack in the back seat of the Toyota Sequoia.

13. During the execution of a search warrant for a residence located on Azalea Cove Circle (Wilson's secondary residence), agents seized approximately 144 grams of heroin found on a shelf in the laundry room, approximately 482 grams of heroin found in a kitchen cabinet, and approximately 436 grams of cocaine found on top of the refrigerator in the kitchen.

14. Agents also discovered 5 digital scales, a money counting machine, and two different kilogram presses. The kilogram presses were discovered in the laundry room closet and in a kitchen cabinet. In addition to the drug paraphernalia, agents discovered mail addressed to Wilson.

---

[3] Christian Louboutin, Bally, and Versace are all luxury designers. Their products can be purchased at stores such as Neiman Marcus.

15. Agents also seized an Infiniti QX70.[4] Inside the Infiniti QX70 agents discovered approximately 730 grams of heroin, a Tapco SKS 7.62X39 caliber rifle, and one magazine loaded with ammunition.

16. Lastly, agents seized the Defendant Vehicle – a Maserati Q4 – Registered to Janay Davis.

### Interview of Janay Davis

17. Davis was present at the Azalea Cove Circle residence when it was searched. She voluntarily agreed to speak with agents. Davis stated that she had known Wilson since July 2017 and had met him through a friend. Around the same time, they started a sexual relationship.

18. Davis indicated that Wilson gave her permission to stay at the Azalea Cove Circle residence, and she had been staying there at least two nights a week since October 2017. Although the residence was owned by one of Wilson's friends, Davis paid the bill for a security system (because she typically stayed at the residence by herself); all other bills and expenses were paid for by Wilson.

---

[4] At the time of the execution of the search warrant, the Infiniti QX70 had an expired registration. The previous registrant was listed as Carol Thomas. Thomas is the mother of Leroy and Jahroy Sackey, both of whom have extensive criminal histories. Indeed, Jahroy Sackey was convicted by this Court in 2009 for possession of cocaine with the intent to distribute.

19. Davis told agents that Wilson gave her the Defendant Vehicle sometime in August 2017 because she wanted it and she was Wilson's girlfriend. However, Davis indicated that Wilson was the primary driver of the vehicle.

20. Davis stated that the only monetary payment she had made towards the Defendant Vehicle was to transfer the registration into her name. According to the Florida Driver and Vehicle Information Database, Davis registered the Defendant Vehicle in her name on July 29, 2017.

21. When pressed further about the Defendant Vehicle, Davis stated it was hers and she had paid for the car. She then elaborated by stating that she paid for the Defendant Vehicle based on her relationship with Wilson, and that the Defendant Vehicle was hers due to "services rendered." When asked by agents what "services rendered" meant, Davis admitted that she paid for the Defendant Vehicle in "booty." Davis further admitted that she had not been intimate with Wilson in two months.

22. Davis also stated that she had been unemployed since October 4, 2017. Prior to that, Davis was employed as a scheduler for Kelly Services where she would schedule subcontractors. Davis stated that she had earned approximately $40,000 in the last year, but was currently living off a $20,000

7

inheritance she obtained from her grandfather.

23. While searching the residence, agents also located a 2012 Mercedes Benz. The Mercedes was also registered to Davis. Davis indicated that she paid $25,000 for the down payment for the Mercedes at the time of purchase (August 15, 2015) and continued to pay $316/month towards the five year loan on the vehicle.[5]

24. After the Defendant Vehicle was seized by HSI, a vehicle inventory was conducted. During the inventory search, agents discovered a loaded Black Taurus .40 caliber handgun underneath the front passenger seat of the vehicle.

**Subsequent Investigation**

25. According to information learned through the investigation, the insurance policy for both the Defendant Vehicle and Davis' Mercedes is held by Mau'rell Willis. The policy for the Defendant Vehicle was effective on August 9, 2017.

26. According to the Certificate of Title, title was transferred to Davis on June 15, 2017. Additionally, the previous owner was allegedly paid

---

[5] The Mercedes was not seized.

8

$45,000 for the Defendant Vehicle. The previous owner of the Defendant Vehicle was listed as Lerone Bernard Butler on the title.

27. A search of an HSI database revealed that Butler had a previous encounter with HSI. Specifically, on June 21, 2013, approximately $144,000 was seized from several cars traveling from South Florida to the Middle District of Florida in an attempt to purchase four kilograms of cocaine. Butler was driving the counter surveillance "trail" vehicle. The "trail" vehicle is responsible for making sure that the narcotics transaction takes place, *i.e.*, that the money is delivered to the right person. The "trail" vehicle would typically follow the narcotics back to the purchaser's stash location, to ensure the narcotics arrived without interference from theft or rival narcotics organizations. Butler has an extensive criminal history, to include felony convictions for conspiracy to distribute controlled substances, in violation of 21 U.S.C. § 846 and attempted murder.

## CONCLUSION

28. As required by Supp'l Rule G(2)(f), the facts set forth herein support a reasonable belief that the government will be able to meet its burden of proof at trial. Specifically, probable cause exists to believe that the Defendant Vehicle is proceeds traceable to a violation of the Controlled

Substance Act and is therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, pursuant to Supp'l Rule G, Plaintiff United States of America respectfully requests that process of forfeiture be issued against the Defendant Vehicle; that due notice be given to all interested parties to appear and show cause why the forfeiture should not be decreed; that the Defendant Vehicle be forfeited to the United States for disposition according to law; and that the United States have such other and further relief as this case may require.

Dated: May 31, 2018

MARIA CHAPA LOPEZ
United States Attorney

By: *[signature]*
NICOLE M. ANDREJKO
Assistant United States Attorney
Florida Bar No. 0820601
400 W. Washington Street, Suite 3100
Orlando, Florida 32801
Telephone: (407) 648-7500
E-mail: nicole.andrejko@usdoj.gov

## **VERIFICATION**

I, Brian DiPerna, hereby verify and declare under penalty of perjury, that I am a Special Agent with the Department of Homeland Security, Homeland Security Investigations, and pursuant to 28 U.S.C. § 1746, that I have read the foregoing Verified Complaint for Forfeiture *in Rem* and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge and belief.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case together with other HSI Special Agents and Task Force Officers.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Executed this 31 day of May, 2018.

_[signature]_
Brian DiPerna, Special Agent
Department of Homeland Security,
Homeland Security Investigations

JS 44 (Rev. 11/15)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

**DEFENDANTS**
2015 Maserati, VIN #ZAM57RTA9F1152142

(b) County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Orange
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1  U.S. Government Plaintiff
☐ 2  U.S. Government Defendant
☐ 3  Federal Question *(U.S. Government Not a Party)*
☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☒ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 196 Franchise |  ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | **IMMIGRATION** | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/Accommodations / ☐ 530 General | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | ☐ 465 Other Immigration Actions | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** ☐ 540 Mandamus & Other | | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
21 U.S.C. 881(a)(6)

Brief description of cause:
proceeds traceable to and/or money used or intended to be used to facilitate a violation of 21 U.S.C. §§ 841 & 846

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____
DOCKET NUMBER _____

DATE 5/31/18
SIGNATURE OF ATTORNEY OF RECORD *(signature)*

**FOR OFFICE USE ONLY**

RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE